UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES T. MURZIKE,
FDOC Inmate #L07713,
    Plaintiff,

v.                                    Case No. 3:24cv197/LC/ZCB

SGT D. ELLIS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James T. Murzike is an inmate of the Florida Department of Corrections. He is proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. (Doc. 1). After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because of Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625

1

(11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 28-30). Question A of Section VIII asked Plaintiff

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

2

is he had any case dismissed for a reason listed in § 1915(g) which would count as a "strike." (*Id.* at 28). Plaintiff checked the box for "NO." (*Id.*). And question C of Section VIII asked Plaintiff if he had filed any other lawsuits in federal court relating to the conditions of his confinement. (*Id.* at 29). Plaintiff checked the box for "NO." (*Id.*). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id.* at 31-33).

Plaintiff, therefore, certified that at the time he filed this case on May 1, 2024, he had not filed any other lawsuit in federal court relating to the conditions of his confinement or that had been dismissed as a "strike."[2] The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the

---

[2] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

3

complaint form. According to Public Access to Court Electronic Records (PACER), Plaintiff commenced the following actions prior to filing his complaint in this case:

- *Murzike v. Spear, et al.*, Case No. 3:22cv1467 (N.D. Fla.) (complaint signed January 28, 2022; filed on the docket on February 8, 2022) (this case was dismissed as malicious, which is considered a "strike" for purposes of §1915(g)).

- *Murzike v. Mckinney, et. al.*, Case No. 3:24cv136 (M.D. Fla.) (complaint signed January 31, 2024; filed on the docket on February 5, 2024)

- *Murzike v. Florida Dep't of Corr.*, Case No. 3:20cv5958 (N.D. Fla.) (complaint signed November 18, 2023; filed on the docket on November 25, 2020) (this case was transferred from the Middle District of Florida, Case No. 3:20cv1317)

How does the Court know that this James Murzike and the James Murzike that commenced the above cases are one and the same? The plaintiff in the cases above listed FDOC Inmate #L07713 on his initial pleadings. Plaintiff lists the same inmate number on the complaint form in this case. (Doc. 1 at 1).

4

In *Murzike v. Spear, et al.*, Plaintiff alleged Florida Department of Corrections officials were retaliating against him for "attacking living condition[s], . . . physical assaults, sexual abuse, and [a] false disciplinary report" inside Santa Rosa Correctional Institution. (Case No. 3:22cv1467, Doc. 1 at 1). Plaintiff's requested relief included placing a camera inside his cell for his protection. (*Id.* at 5). The case was ultimately dismissed on June 21, 2022 for failure to prosecute, abuse of the judicial process, and failure to comply with Court orders. (Docs. 16, 19). Plaintiff was advised the dismissal counted as a "strike." (Doc. 16 at 6-7).

In *Murzike v. Mckinney, et. al.*, Plaintiff alleges correctional officers used excessive force against him in violation of the Eighth Amendment and falsified documents associated with a disciplinary investigation and hearing. (Case No. 3:24cv136, Doc. 1 at 18). On April 24, 2024, the case was dismissed because portions of the complaint were ineligible. (Doc. 5). In that order, Plaintiff was warned against misrepresenting his litigation history. (*Id.*). The Court gave Plaintiff an opportunity to amend his complaint, which at the time of issuing this Order, Plaintiff had not done so.

In *Murzike v. Florida Dep't of Corr.*, Plaintiff alleged correctional officers at Santa Rosa Correctional Institution were using excessive force against him, sexually abusing him, and falsifying disciplinary reports against him. (Case No. 3:20cv5958, Doc. 1). This case was initially filed in the Middle District, but it was transferred to the Northern District for purpose of venue. Plaintiff also did not disclose the initial case filed in the Middle District (Case No. 3:20cv1317) in the litigation history section of his complaint in the current case. After it was transferred, this case was ultimately dismissed for Plaintiff's failure to prosecute and failure to comply with orders of the Court. (Docs. 10, 11).

The lawsuits cited above were clearly federal lawsuits "relating to the conditions of confinement" that Plaintiff filed before commencing the current case. And Plaintiff was informed that at least one of these cases was considered a "strike" under § 1915(g). As such, Plaintiff was required to identify them on the complaint form in this case. Yet he identified none of them.

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation

Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could

7

be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 30). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[3]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That all pending motions be **DENIED as moot**.

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

At Pensacola, Florida, this 8th day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.